UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHESTER WILMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:05-CV-385 PS |
| vs. | ) |
| | ) |
| CRAIG HANKS, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This case is before the Court on Petitioner's Wilms' Petition for Rehearing. The Court dismissed Wilms' Petition [Doc. 6] because he challenged the same conviction as another petition filed by Wilms in the United States District Court for the Southern District of Indiana, specifically cause number 2:03-cv-88 LJM-WTL [Doc. 6].[1] Wilms failed to seek and obtain approval from the Court of Appeals to proceed on his successive petition in this Court, as required by 28 U.S.C. § 2244(b)(3)(A).

Wilms now argues that the issues filed in this case are different from the issues filed in 2:03-cv-88 LJM-WTL, as he has found newly discovered evidence that he was entrapped by the police. The new evidence is a tape recording of a police call relating to his arrest. Wilms has not applied for leave to file a successive petition with the Seventh Circuit Court of Appeals.

It is clearly established that a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. *See* 28 U.S.C. § 2244(b)(1); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997); *Benton v. Washington*, 106 F.3d 162, 163 (7th Cir. 1996); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). This is generally true even if the claims in the second petition are different from those in the first petition. *See* 28 U.S.C. §

---

[1] The Southern District of Indiana dismissed those claims as untimely and procedurally defaulted.

2244(b)(2).

28 U.S.C. § 2244(b)(2) describes the limited circumstances under which a claimant can bring a successive habeas petition as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Moreover, prior to bringing a successive petition to a district court, the petitioner must request and obtain authorization from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 125 S. Ct. 2641, 2646 (2005) (noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions") (citing § 2244(b)(3)).

Wilms argues that he is entitled to pursue the instant petition because he has newly discovered evidence, namely the tape recording. But Wilms has neither sought nor received authorization from the Court of Appeals to pursue this successive petition.

In the absence of the Court of Appeal's authorization of this successive petition, this Court must **DENY** Wilms' Petition for Rehearing [Doc. 10]. In light of the reasoning set forth in this Order, Wilms' Motion for Additional Argument [Doc. 8] is also **DENIED**.

**SO ORDERED.**

ENTERED: June 15, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT